**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| Laura Toney, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:11-1686-MBS-JRM |
| ) | |
| v. ) | |
| ) | |
| LaSalle Bank National Association ) | **REPORT AND RECOMMENDATION** |
| Trustee for Lehman Brothers ) | |
| Structured Asset Investment Loan ) | |
| Trust Sail 2005, Ocwen Federal ) | |
| Bank, also known as AltiSource ) | |
| Homes, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

*Pro se* Plaintiff, Laura Toney ("Toney"), filed this action on July 13, 2011. The Complaint is captioned "Complaint To Set Aside Fraudulent Transfer, And Fraud; Declaratory Judgment For Entry of Default: Gross Negligence; Emotional Distress; Deceptive And Unfair Practices." The named Defendants are lenders from whom Toney received a mortgage loan in October of 2004 secured by property located at 729 Chatman St., Bishopville, South Carolina. Bank of America, N.A. ("BANA") filed a motion to dismiss on October 21, 2011 which states that it is the successor by merger to LaSalle Bank National Association, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005 ("LaSalle"). Ocwen Federal Bank, a/k/a Altisource Homes ("Ocwen") filed an answer on December 28, 2011.

A "Preliminary Statement" in the Complaint indicates that Toney's claims are based on alleged "multiple violations of the Truth In Lending Act ("TILA").[1] The Complaint alleges that Toney did not receive at closing on October 6, 2004, required disclosures, such as "the choice of attorney notification, settlement statement, and good faith estimate." (Complaint, ¶ 7). Attached to the Complaint is a copy of a letter allegedly sent by Toney to Ocwen dated June 14, 2005 attempting to rescind her loan based on failure to receive the required disclosures.

Less than a month after the date of the rescission letter, LaSalle, which had been assigned the mortgage, filed a foreclosure action. A copy of the "Masters Order and Judgment of Foreclosure and Sale," dated March 9, 2007 is attached to Toney's Complaint. This foreclosure order details the mortgage loan and the procedural history of the foreclosure case. Toney filed an answer and counterclaim in the foreclosure action in which she advanced the exact claims being asserted in the present case. LaSalle filed a motion for summary judgment on March 29, 2006. Thereafter, Toney filed four separate bankruptcy actions. The Bankruptcy Court ruled that Toney was not entitled to an automatic stay based on the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 in connection with her fourth bankruptcy case. A hearing was held on February 6, 2007, but neither Toney nor her attorney appeared. In granting the motion for summary judgment the foreclosure court specifically found:

> The Defendant Laura Toney alleges that she rescinded the loan by letter dated June 12, 2005. Pursuant to Title 15 Section 1635 of the U.S. Code, the obligor in a real estate secured consumer credit transaction shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms. The loan closing occurred on October 6, 2004, at which time the Defendant was provided the information and rescission forms. (Affidavit of Michael May filed March 29, 2006;

---

[1] *See* 15 U.S.C. § 1601, *et. seq*.

> Affidavit of Letia Benjamin). The information and rescission forms are signed by the Defendant Laura Toney to acknowledge that she was provided a copy of each at closing. Therefore, the Defendant's counterclaim that she rescinded the loan is without merit on its face since it is well outside the time to rescind permitted by law.

Apparently there was no appeal to the order of the foreclosure court and the property was sold at auction to LaSalle on May 7, 2007. (*See* deed attached to Complaint). Also attached to the Complaint is a notice of eviction dated April 27, 2011.

On July 13, 2011, Toney filed an "Entry of Default Application For Temporary Injunction and Permanent Injunction." (ECF No. 3). She seeks an order "voiding the Defendants' security interest in the Plaintiff's property," cancelling documents of record giving Defendants' a security interest in her property, and criminal penalties against the Defendants. (Pl.Motion, pp. 9-10). Toney asks for a temporary injunction followed by a hearing and permanent injunction.

The Court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

(a) plaintiff's likelihood of success in the underlying dispute between the parties;

(b) whether plaintiff will suffer irreparable injury if the interim relief is denied;

(c) the injury to defendant if an injunction is issued; and

(d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir.1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir.1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir.1979); Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir.1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant

3

if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980).

In this motion and in her complaint, Toney asserts that she is entitled to "default" and other relief based upon Defendants' failure to respond to her recession letter in 2005 as required by the TILA. However, Defendants have raised defenses of *res judicata* and statute of limitations which would appear to apply to Toney's claims. As discussed above, Toney raised the same issues in her counterclaim in the foreclosure action. The court found against Toney. Therefore, the likelihood of success in her case is small. Further, Toney cannot show irreparable injury since she has been evicted from the property.

Hence, it is recommended that Toney's motion be **denied.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

February 27, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).