IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Laura Toney, | ) | C.A. No. 3:11-cv-1686-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| LaSalle Bank National Association | ) | |
| Trustee for Lehman Brothers Secured | ) | |
| Asset Investment Loan Trust Sail 2005, | ) | |
| Ocwen Federal Bank, a/k/a AltiSource | ) | |
| Homes, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Laura Toney ("Plaintiff") filed a pro se action alleging various federal and state law violations arising out of a foreclosure action instituted against her by Defendant LaSalle Bank National Association Trustee for Lehman Brothers Secured Asset Investment Loan Trust Sail 2005 ("LaSalle"). Plaintiff's motion for a temporary injunction to enjoin Defendant LaSalle and Defendant Ocwen Federal Bank ("Ocwen") from denying Plaintiff possession of the foreclosed property is currently before the court.

## Background

On October 6, 2004 Plaintiff purchased and closed the sale on a property located at 729 Chatman Street in Bishopville, South Carolina ("the property"). During the closing, Plaintiff entered into and received a mortgage from Defendant Ocwen secured by the property. On June 14, 2005, Plaintiff sent a letter to Defendant Ocwen stating her intention to rescind the loan because of several federal disclosure violations that occurred during the processing of the loan. Plaintiff alleged that she did not receive any federal disclosures prior to the closing as required

by the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq. On or around July 2005, Defendant LaSalle, which had been assigned the mortgage by Defendant Ocwen, filed a foreclosure action against Plaintiff. Thereafter, Defendant LaSalle filed a motion for summary judgment. On October 15, 2005, Defendant LaSalle responded to Plaintiff's notice of rescission letter. On February 16, 2007, a foreclosure hearing was held in the absence of Plaintiff or her attorney. Plaintiff alleges that her attorney at the time, Mr. David Weeks, was a member of the South Carolina General Assembly and could not be present because the General Assembly was in session. Plaintiff alleges that a request to reschedule the hearing was submitted on behalf of Mr. Weeks, but that the hearing was held as previously scheduled. The judge presiding over the foreclosure hearing granted summary judgment in favor of Defendant LaSalle and found that,

> The Defendant Laura Toney alleges that she rescinded the loan by letter dated June 12, 2005. Pursuant to Title 15 Section 1635 of the U.S. Code, the obligor in a real estate secured consumer credit transaction shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms. The loan closing occurred on October 6, 2004, at which time the Defendant was provided the information and rescission forms. (Affidavit of Michael May filed March 29, 2006; Affidavit of Letia Benjamin). The information and rescission forms are signed by the Defendant Laura Toney to acknowledge that she was provided a copy of each at closing. Therefore, the Defendant's counterclaim that she rescinded the loan is without merit on its face since it is well outside the time to rescind permitted by law.

On March 22, 2007, Plaintiff filed an application for a temporary restraining order, preliminary injunction, and permanent injunction in state court. On April 25, 2007, Plaintiff filed a motion for reconsideration of the foreclosure decision. On April 27, 2007, a notice of eviction was filed against Plaintiff. Plaintiff was evicted from the property shortly thereafter. On May 7, 2007, the property was sold at an auction to Defendant LaSalle. At some point after the sale, Plaintiff's motions were denied and Plaintiff filed an appeal with the South Carolina

Court of Appeals. Plaintiff states that the case is currently pending with the South Carolina Supreme Court.

On July 13, 2011, Plaintiff filed the instant action, alleging among other state law violations, federal statutory violations of TILA. Plaintiff alleges that she did not receive certain required federal disclosures at the time of closing, including "choice of attorney notification, settlement statement, and good faith estimate." (Complaint, para. 7). Plaintiff alleges that Defendants' failure to make proper disclosures and failure to respond to her notice of rescission within twenty days resulted in Defendants' losing their interest in the property. Further, Plaintiff alleges that Defendants' failure to respond to her notice of rescission within twenty days had the effect of reinstating Plaintiff's interest in the property and relieving her obligations under the original loan. On October 21, 2011, Bank of America, N.A. ("BANA") filed a motion to dismiss, stating that it was the successor in interest to the property by merger with Defendant LaSalle. On December 28, 2011, Defendant Ocwen filed an answer. On July 13, 2011, Plaintiff filed a motion for a temporary injunction to enjoin Defendants LaSalle and Ocwen from denying Plaintiff possession of the property and requested a hearing on a preliminary and permanent injunction.

On February 27, 2012, the Magistrate Judge filed a Report and Recommendation in which he recommended denying Plaintiff's motion. The Magistrate Judge found that Plaintiff failed to show the likelihood of her success in the underlying action based on the opinion of the foreclosure court. The Magistrate Judge cited to Defendants' assertion that res judiciata of the foreclosure court's decision and the statute of limitations barred recovery of Plaintiff's rescission claim. The Magistrate Judge also found that Plaintiff could not demonstrate irreparable injury since she has already been evicted from the property. On March 7, 2012, Plaintiff filed

objections to the Magistrate Judge's Report and Recommendation. On March 16, 2012, Plaintiff re-filed identical objections to the Magistrate Judge's Report and Recommendation, except that in the most recent objections, Plaintiff failed to attach certain documents that were attached to the original objections.

## Discussion

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

A party seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008); Dewhurst v. Century Aluminum Co., 649 F.3d 287 (4th Cir. 2011).

### *Analysis*

Plaintiff's first objection is that the Magistrate Judge failed to address in his Report and Recommendation the fact that Defendant Ocwen filed an answer eighty-five days past the original due date. The Magistrate Judge's failure to address the timeliness of Defendant Ocwen's answer in his Report and Recommendation is not objectionable because the Magistrate

Judge did not consider the substance of Defendant Ocwen's answer in his analysis of Plaintiff's motion for a temporary injunction. Furthermore, Defendant Ocwen's answer is not relevant to the analysis of whether Plaintiff can fulfill the Winter test for a preliminary injunction.

Plaintiff's next objection is that the hearing held by the foreclosure court violated South Carolina Code of Laws Section 2-1-150, which states that "no member of the General Assembly shall be required to appear in court as an attorney . . . during any regular day," referring to when the General Assembly is in session. Plaintiff argues that the hearing should not have been held in her and her attorney's absence. Plaintiff's objection is not relevant to the court's review of Plaintiff's motion for injunctive relief. Plaintiff's objection is alleging a state law violation, resolution of which is not necessary to determine whether a temporary injunction should be granted in the instant action.

Plaintiff also objects to the Magistrate Judge's finding that the res judicata effect of the foreclosure court's decision makes it unlikely that Plaintiff can succeed in the instant action. Plaintiff alleges that the foreclosure court's decision is not final, because her case is pending with the South Carolina Supreme Court. Furthermore, it appears that she is alleging that she did not get a full and fair opportunity to adjudicate the merits of her claim before the foreclosure court because neither she nor her attorney was present at the hearing. As to Plaintiff's contentions regarding the foreclosure proceedings, the court finds it is not necessary to address the res judicata effect of the foreclosure court's decision in order to resolve Plaintiff's motion for a temporary injunction.

Plaintiff's primary objection is that her deadline to rescind the loan was not three days, but was extended to three years, because Defendants failed to make the necessary disclosures required by TILA. Plaintiff cites to 12 C.F.R. § 226.23(3) for support, which states that, "If the

5

required notice or material disclosures are not delivered [to borrower], the right to rescind shall expire 3 years after consummation." Plaintiff states that the material disclosures included the annual percentage rate, applicable variable-rate disclosures, finance charge, amount financed, the total payments and the payment schedule. Based on language found elsewhere in § 226, requiring that disclosures be provided to borrowers before the closing, Plaintiff interprets § 226.23(3) as implying that Plaintiff's period of rescission is extended to 3 years if the material disclosures are not made prior to closing. Plaintiff concedes that she did receive the required TILA disclosures at the time of closing, but contends that Defendants were required to provide her with the disclosures prior to the time of closing. Specifically, Plaintiff alleges that Defendants were required to make the disclosures three days after Plaintiff submitted her loan application and their failure to do so extended Plaintiff's rescission period by three years. Furthermore, Plaintiff alleges that under the TILA, Defendants were required to respond to her notice of rescission within twenty days and that their failure to do so results in their loss of interest in the property and Plaintiff's reinstatement of interest in the property with no obligations under the original loan.

The TILA regulation found at 12 C.F.R. § 226.23(3) states that, "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures [fn. 48] are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." According to footnote 48, "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment

schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2).

The plain language of § 226.23(3) makes clear that if the required notice or material disclosures are not delivered, a three year rescission period is triggered for borrowers. England v. MG Investments, Inc., 93 F. Supp. 2d 718, 725 (S.D. W.Va. 2000). Certain errors in the material disclosures are effectively considered a failure to make material disclosures under § 226.23(3) and can also result in a three-year extension of the rescission period. For example, under §226.23(g), a material disclosure cannot understate the finance charge by more than 0.5 percent in order to fulfill the requirements of § 226.23(3). Furthermore, certain errors in the disclosure of the payment schedule can also trigger a three-year rescission period. Larrabee v. Bank of America, N.A., 714 F. Supp. 2d 562, 567 (E.D. Va. 2010)(citing American Mortgage Network, Inc. v. Shelton, 486 F.3d 815 (4th Cir. 2007)).

Plaintiff's objection, that she timely filed her rescission notice within the three year period allotted to her, is incorrect. The TILA regulation in pertinent part states: "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, **whichever occurs last.**" (emphasis added). Plaintiff alleges that the rescission period is extended by three years if material disclosures are not made prior to the closing. The plain language of the regulation stating "whichever occurs last" contemplates that material disclosures might be made on or after the closing and that the clock for the three-day rescission period does not begin until the later of the three triggering events. See Oscar v. Bank One, N.A., No. 05-5928, 2006 WL 401853, at *3 (E.D. Pa. Feb. 17, 2006); see generally, Watkins v. SunTrust Mortgage Inc., 663 F.3d 232 (4th Cir. 2011). Furthermore, federal courts as

7

noted above, have interpreted the condition permitting a three-year rescission period, "If the required notice or material disclosures are not delivered," to refer to situations where the material disclosure is not delivered at all or if the material disclosure is incorrect.

In this case, Plaintiff has conceded that the TILA material disclosures were made at the time of closing; therefore, as a preliminary matter, the rescission period ended on or around October 9, 2004, three days after the closing. Plaintiff filed a notice of rescission on June 14, 2005, which was almost 7 months after the closing and material disclosures were made. Therefore, Plaintiff's letter of rescission was not properly filed, relieving Defendants of their obligation to respond to the letter of rescission within twenty days. Even if it was possible that Defendants would be subject to liability under the TILA with regard to the timing of certain disclosures, the court finds that Plaintiff is unlikely to succeed on the merits of her claim that Defendants lost their interest in the property for failing to respond to Plaintiff's rescission letter within twenty days.

## Conclusion

Plaintiff has not established that she is likely to succeed on the merits, as required by Winter, 555 U.S. at 20. Accordingly, the court adopts the Magistrate Judge's recommendation and denies Plaintiff's motion for temporary injunction and her request for a hearing for a preliminary and permanent injunction.

**IT IS SO ORDERED.**

                                                       s/ Margaret B. Seymour
                                                       Margaret B. Seymour
                                                       Chief United States District Judge

March 22, 2012
Columbia, South Carolina