# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

## COLUMBIA DIVISION

| | | |
|---|---|---|
| LAURA TONEY, | ) | Civil Action No. 3:11-1686-MBS-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| LASALLE BANK NATIONAL | ) | |
| ASSOCIATION, AS TRUSTEE FOR THE | ) | |
| REGISTERED HOLDERS OF | ) | |
| STRUCTURED ASSET SECURITIES | ) | |
| CORPORATION, STRUCTURED ASSET | ) | |
| INVESTMENT LOAN TRUST, | ) | |
| MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATES, SERIES 2004-11; AND | ) | |
| OCWEN FEDERAL BANK A/K/A | ) | |
| ALTISOURCE HOMES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The pro se Plaintiff, Laura Toney, filed this action on July 13, 2011.[1]  Plaintiff appears to

assert claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., as well as claims

under South Carolina law.  Defendants in this action are LaSalle Bank National Association, as

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e) DSC.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

Trustee for the registered holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-11 ("LaSalle") and Ocwen Federal Bank, also known as AltiSource Homes ("Ocwen").[2] Plaintiff filed motions for entry of default against Ocwen on October 19 and 25, 2011. Ocwen filed a response on April 6, 2012, and Plaintiff filed a reply on April 16, 2012. Plaintiff filed a motion for entry of default against LaSalle on October 25, 2011, LaSalle filed responses on November 1 and 7, 2011, and Plaintiff filed replies on November 8 and 15, 2011.[3]

LaSalle filed a motion to dismiss on October 21, 2011. As Plaintiff is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on October 24, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, Defendant LaSalle's motion may be granted, thereby ending her case against LaSalle. Plaintiff filed responses on October 25 and 28, and November 2, 2011; LaSalle filed a reply on November 7, 2011; and Plaintiff filed a sur-reply on November 8, 2011. A hearing on pending motions was held before the undersigned on March 20, 2012.

---

[2]LaSalle was originally named as LaSalle Bank National Association, Trustee for Lehman Brothers Secured Asset Investment Loan Trust Sail 2005. Plaintiff filed a motion to amend (on January 11, 2012) the name of this Defendant (as identified by Defendant LaSalle's in its motion to dismiss), which the undersigned granted on March 20, 2012. Defendant Ocwen asserts that it has been misidentified and that its correct name is Ocwen Loan Servicing, LLC. See Docs. 60 and 61. Ocwen also has stated it will accept service of an amended summons and amended complaint that reflects its corrected name. Plaintiff has not filed a motion to amend Ocwen's name.

[3]On March 22, 2012, the Honorable Margaret B. Seymour, Chief United States District Judge, District of South Carolina, denied Plaintiff's motion for a temporary injunction and request for a hearing for a preliminary and permanent injunction. Plaintiff, on April 2, 2012, filed a Notice of Appeal to the Court of Appeals for the Fourth Circuit, as to Judge Seymour's order. See Doc. 62.

After the hearing, Defendant Ocwen filed a motion to dismiss on April 6, 2012 (and it filed a response to the motions for default as detailed above). Another <u>Roseboro</u> order was issued on April 10, 2012. Plaintiff filed a response on May 14, 2012.

<b><u>BACKGROUND</u></b>

Plaintiff refinanced her house located in Bishopville, South Carolina ("the Property") on October 6, 2004. During the closing, Plaintiff entered into and received a mortgage[4] which was secured by the Property. On June 14, 2005, Plaintiff sent an unsigned letter to "Owen Federal Bank FSB" (<u>see</u> attachment to Complaint), which she asserts is a letter sent to Defendant Ocwen stating her intention to rescind the loan because of alleged federal disclosure violations that occurred during the processing of the loan. Plaintiff claims that, prior to closing, she did not receive the disclosures required by TILA. On or around July 2005, Defendant LaSalle, which had been assigned the mortgage, filed a foreclosure action against Plaintiff.[5] Plaintiff filed, through counsel, an answer and counterclaim (alleging a TILA violation) in the state foreclosure action on August 17, 2005. Thereafter, Defendant LaSalle filed a motion for summary judgment. Plaintiff states that the first reply to her rescission letter was on October 19, 2005 (<u>see</u> Doc. 52, p. 9). On February 16, 2007, a foreclosure hearing was held in the absence of Plaintiff or her attorney. Plaintiff asserts that her

---

[4]It appears the original mortgage was with Finance America., LLC. The mortgage was later assigned to LaSalle. The servicing was assigned in October 2004 (effective December 1, 2005) to Ocwen Federal Bank FSB. <u>See</u> Attachments to Complaint (Doc. 1) and to Plaintiff's April 16, 2012 Response (Doc. 70).

[5]In a pleading filed July 20, 2011 (prior to Plaintiff bringing this action into proper form), Plaintiff appears to attempt to remove the state foreclosure action to this Court. Any such attempt, however, is untimely. <u>See</u> 28 U.S.C. § 1446.

attorney was not there because he was a member of the South Carolina General Assembly and could not be present as the General Assembly was in session that day. Plaintiff claims that a request to reschedule the hearing was submitted on her behalf by her attorney, but the hearing was held as previously scheduled. The judge presiding over the foreclosure hearing granted summary judgment in favor of Defendant LaSalle and found that:

> The Defendant Laura Toney alleges that she rescinded the loan by letter dated June 12, 2005. Pursuant to Title 15 Section 1635 of the U.S. Code, the obligor in a real estate secured consumer credit transaction shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms. The loan closing occurred on October 6, 2004, at which time the Defendant was provided the information and rescission forms. (Affidavit of Michael May filed March 29, 2006; Affidavit of Letia Benjamin). The information and rescission forms are signed by the Defendant Laura Toney to acknowledge that she was provided a copy of each at closing. Therefore, the Defendant's counterclaim that she rescinded the loan is without merit on its face since it is well outside the time to rescind permitted by law.

Additionally, the judge found that Plaintiff was allowed to select her own closing attorney, and her allegations of entitlement to rescission were without merit and outside the time period for rescission as a matter of law. See March 9, 2007 Master's Order and Judgement of Foreclosure and Sale (Attachment to Doc. 1 - Complaint).

On March 22, 2007, Plaintiff filed an application for a temporary restraining order, preliminary injunction, and permanent injunction in state court. On April 25, 2007, Plaintiff filed a motion for reconsideration of the foreclosure decision. On April 27, 2007, a notice of eviction was filed against Plaintiff. On May 7, 2007, the Property was sold at an auction to Defendant LaSalle. At some point after the sale, Plaintiff's motions were denied and she filed an appeal with the South Carolina Court of Appeals, which affirmed the lower court's decision. Plaintiff then appealed the

state court action to the Supreme Court of South Carolina. It appears the appeal is still pending. Plaintiff has been evicted from the Property.

## MOTIONS FOR DEFAULT JUDGMENT

On October 25, 2011, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 55(a) for entry of default against Defendant LaSalle. She argues that the Summons and Complaint and her motion for injunction were filed on July 13, 2011; LaSalle was mailed an Order to answer the Summons and Complaint and motion for injunction; LaSalle was served with a copy of the Summons and Complaint and motion for injunction; an answer to the Complaint and motion for injunction were due on October 3, 2011; and LaSalle failed to appear, plead, or otherwise defend and is in default. LaSalle argues that Plaintiff's motion should be denied because it timely filed a motion to dismiss.

It is recommended that Plaintiff's motion for default as to LaSalle be denied. Plaintiff asserts that LaSalle's answer was due on October 3, 2011. She did not specify in her motion the date on which LaSalle was allegedly served. In a previous pleading, she asserted that LaSalle was served on September 19, 2011. See Doc. 17. Rule 12 provides that generally a defendant must serve a responsive pleading within twenty-one days after being served with the summons and complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, if LaSalle was served on September 19, 2011, its answer was due on October 11, 2011 (October 10, 2011 was a federal holiday). On October 7, 2011, LaSalle filed a timely motion to extend the time to file its answer until October 21, 2011, and the motion was granted on October 11, 2011. Thereafter, LaSalle timely filed a motion to dismiss on October 21, 2011. When a motion to dismiss under Rule 12 is filed, however, the time for the responsive

pleading is altered (if the court denies the motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action"). Fed. R. Civ. P. 12(a)(4)(A).

On October 19, 2011, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 55(a) for entry of default against Defendant Ocwen. She argues that the Summons and Complaint were filed on July 13, 2011; Ocwen was served with a copy of the Summons and Complaint; an answer was due on October 3, 2011; and Ocwen failed to appeal, plead, or otherwise defend within the time allowed and is in default. On October 25, 2011, Plaintiff filed a second motion for entry of default against Ocwen in which she reiterates her arguments from her earlier motion and also argues that Ocwen failed to respond to her motion for an injunction.

Ocwen, in a response filed April 6, 2012, argues that Plaintiff's motion for default judgment should be denied because its answer was filed prior to entry of default; Ocwen Loan Servicing, the proper party to this suit, is a wholly different entity from "Ocwen Federal Bank," and thus alleged service on "Ocwen Federal Bank" did not constitute service on Ocwen Loan Servicing; even if Plaintiff had named an existing entity called "Ocwen Federal Bank," service of process was not properly effected pursuant to applicable law; entry of judgment by default is a drastic remedy which should be used only in extreme situations; and entry of default judgment against the non-existent "Ocwen Federal Bank" should not be granted because it is a nullity.

It is recommended that Plaintiff's motions for entry of default against Ocwen be denied as she has not shown that Ocwen was properly served or that the correct entity was named in the Complaint. Ocwen has now filed an answer and asserts that it will accept service of an amended summons and complaint as to its correct name of Ocwen Loan Servicing, LLC. Rule 55(a) provides

**Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Although Plaintiff asserts in her affidavits accompanying her motions for default that Ocwen Federal Bank was served with a copy of the Summons and Complaint, there is nothing in the affidavits indicating when this Defendant was served. See Docs. 20 and 27. Review of the record reveals that Plaintiff filed purported service documents on October 7, 2011. Plaintiff attached a copy of two United States Postal Service "Domestic Return Receipt" forms indicating that "Ocwen Federal Bank A/K/A AltiSource Homes" was served by certified mail at "P.O. Box 24237 West Palm Beach, Fl 33416-4737" and "12650 Ingenuity Drive, Orlando, Florida, 32826 on September 15, 2011." See Doc. 17.

Ocwen asserts that it was not properly served. The Federal Rules of Civil Procedure provide, in pertinent part:

**Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(i). Service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Under South Carolina law, a corporation is served:

by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

S.C.R.Civ. P. 4(d)(3). The South Carolina Rules of Civil Procedure also provide that service on a corporation may be made "by registered or certified mail, return receipt requested and **delivery restricted to the addressee**." S.C. R. Civ. P. 4(d)(8)(emphasis added).

Here, the return receipts reveal that delivery was not restricted to the addressee such that service by certified mail was not proper under South Carolina law. The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070(e). A corporation may be served by serving process on the president, vice president, cashier, treasurer, secretary, general manager, any director, or any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). As an alternative, process may be served on the agent designated by the corporation as its registered agent. Id. Fl. Stat. § 48.081(3)(a). The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service. Fla. R. Civ. P. 1.070(i). There is no indication that Plaintiff received a waiver or served Defendants in accordance with the Florida Rules of Civil Procedure.

## MOTIONS TO DISMISS

Plaintiff alleges that Defendants violated her rights under TILA and also appears to allege claims under South Carolina law. She claims that she did not receive certain required federal disclosures at the time of closing, including "choice of attorney notification, settlement statement, and good faith estimate." Complaint, Para. 7. She alleges that Defendants' failure to make proper

disclosures and their failure to respond to her notice of rescission within twenty days of receipt resulted in Defendants losing their security interest in the Property. Plaintiff also claims that Defendants' failure to timely respond to her notice of rescission reinstated her interest in the Property and relieved her obligations under the original loan. Defendant LaSalle contends that its motion to dismiss should be granted because: (1) Plaintiff's claims are barred by res judicata; (2) the Complaint fails to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)); (3) the Complaint fails to state a plausible cause of action; and (4) the Complaint fails to plead fraud with the specificity required (Fed. R. Civ. P. 9(b)). Ocwen contends that its motion to dismiss should be granted because: (1) the Complaint fails to meet the minimum federal pleading standard (Fed. R. Civ. P. 8); (2) Plaintiff's claims are barred by res judicata; (3) Plaintiff failed to rescind within three days of her closing date such that her right to rescind is time barred; (4) Plaintiff failed to file a rescission action within three years of the closing date such that her rescission action is time barred; (5) Plaintiff is not entitled to recover for emotional distress; (6) Plaintiff fails to state a claim for deceptive and unfair practices; (7) Plaintiff fails to state a claim for gross negligence; (8) Plaintiff fails to plead fraud or fraudulent transfer with the specificity required, and (9) Plaintiff fails to state a valid claim for declaratory judgment. Plaintiff argues that the motions to dismiss should be denied because: (1) Defendants are in default for failing to timely file answers and responses to her previous motion for injunctive relief;[6] (2) Defendant Ocwen did not file its motion to dismiss until after it filed its answer in violation of Fed. R. Civ. P. 12; (3) this action is not barred by the doctrine of res judicata because the state action is on appeal and thus is still pending; and (4) she has properly asserted her claims.

---

[6]It is recommended this argument be rejected as Plaintiff's motion for injunctive relief was previously denied and it is recommended that the motions for default be denied.

Defendant Ocwen did not file its motion to dismiss until after it filed its answer. Generally, a Rule 12(b)(6) motion to dismiss should be filed before a responsive pleading is filed. After the close of pleading, a Rule 12(c) motion (or a Rule 56 motion for summary judgment) is used to test the sufficiency of the complaint. However, the timing and sequence of these filings is not fatal to Ocwen's motion. "(A) motion to dismiss for failure to state a claim...that is styled as arising under Rule 12(b) but is filed after the close of pleading, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); see also Satkowiak v. Bay County Sheriff's Dep't, 47 F. App'x 376, 377 n. 1 (6th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); Shooting Point, L.L.C. v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002). Thus, the undersigned construes Defendant Ocwen's motion to dismiss as a motion for judgment on the pleadings.

1.    Standard of Review

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"[A] motion under Rule 12(c) ... is assessed under the same standard that applies to a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Edwards, 178 F.3d at

243). When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557).

    2.   <u>Res Judicata</u>

Defendants contend that this action is barred by the doctrine of res judicata. Plaintiff argues that this action is not barred because her action in state court is on appeal such that there is no final judgment and res judciata does not apply.

Pursuant to 28 U.S.C. § 1738, state judicial proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the state from which they are taken. As a result, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."

Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Thus, South Carolina law of claim preclusion (also called res judicata) must be applied to determine the effect of the South Carolina judgment.

In South Carolina "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." Hilton Head Ctr. of South Carolina, Inc. v. Public Serv. Comm'n of South Carolina, 362 S.E.2d 176, 177 (S.C. 1987). South Carolina courts use various tests in determining whether a claim should have been raised in a prior suit: "(1) when there is identity of the subject matter in both cases; (2) where the cases involve the same primary right held by the plaintiff and one primary wrong committed by the defendant; (3) when there is the same evidence in both cases; and [] (4) when the claims arise out of the same transaction or occurrence." Plum Creek Dev. Co., Inc. v. City of Conway, 512 S.E.2d 106, 109 n. 3 (S.C. 1999)(citing J. Flanagan, South Carolina Civil Procedure 649-650 (1996)). To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. Riedman Corp. v. Greenville Steel Structures, Inc., 419 S.E.2d 217 (S.C. 1992); Sealy v. Dodge, 347 S.E.2d 504 (S.C. 1986).

Here, res judicata bars this action as all three elements of the test for res judicata have been met as shown by Plaintiff's Complaint and exhibits. Plaintiff does not appear to dispute that the first two elements (identity of the parties and identity of subject matter) are met. Although Plaintiff appears to slightly change the name of the trust that held her mortgage, the attachments to her Complaint indicate that she is referring to the same entities in the prior action. The foreclosing party was "LaSalle Bank National Association, as Trustee for the registered holders of Structured Asset

Securities Corporation, Structured Asset investment Loan Trust, Mortgage pass-Through Certificates, Series 2004-11." Plaintiff asserts her claims against Ocwen as a successor or assignee.

The subject matter is the same in both lawsuits. If the primary right and duty and alleged wrong are the same in each action, there is an identity of subject matter. See Jimmy Martin Realty Group, Inc. v. Fameco Distrib., Inc., 386 S.E.2d 803 (S.C. Ct.App.1989). Plaintiff sought to prevent foreclosure of her home in Lee County, South Carolina in the state action and asserted a counterclaim for rescission, and seeks to have the foreclosure overturned and undone in the current action.

The third element is met because the judge in the state court action granted the motion for summary judgment[7] and the South Carolina Court of Appeals affirmed the decision. Plaintiff argues that this action is not barred by res judicata because the action is still pending in state court, as she has appealed her state court case to the Supreme Court of South Carolina. The Supreme Court of South Carolina, however, would likely hold "that a judgment is final for preclusion purposes in South Carolina during the pendency of an appeal." This view is in accordance with the majority rule among state courts. See Campbell v. Lake Hallowell Homeowners Ass'n, 852 A.2d 1029, 1039–40 (Md.Ct.Spec.App. 2004) (listing various state court cases demonstrating the majority view). Furthermore, this district has previously found that the Supreme Court of South Carolina would adopt the majority position. Sea Cabin on the Ocean IV Homeowners Ass'n v. City of N. Myrtle Beach, 828 F.Supp. 1241, 1249 n. 20 (D.S.C.1993); Dawson v. State Law Enforcement Div., CA No. 3:91–1403–17, 1992 WL 208967 at *3–4 (D.S.C. Apr. 6, 1992). Therefore, it is recommended that

---

[7]Summary judgment is an adjudication on the merits of the case. See Baird v. Charleston County, 511 S.E.2d 69, 74 (S.C.1999).

Defendants' motions to dismiss based on res judicata be granted as the a trial court adjudication is final while pending appeal.

Alternatively, it is recommended that this action be dismissed because this Court should not interfere with the ongoing state proceedings. Abstention may be raised <u>sua</u> <u>sponte</u>. <u>Bellotti v. Baird</u>, 428 U.S. 132, 143 n. 10 (1976).

The Supreme Court of the United States has held that a federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>Gilliam v. Foster</u>, 75 F.3d 881, 903 (4th Cir. 1996). In <u>Younger</u>, the Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. <u>Younger</u>, 401 U.S. at 43–44. While the <u>Younger</u> doctrine was originally applied to protect state interests represented in criminal prosecutions, the Supreme Court has extended <u>Younger</u> to prescribe abstention in favor of state civil actions as well, when important state interests are at stake. <u>See</u> <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 604 (1975). The Fourth Circuit applies the following test to determine whether <u>Younger</u> abstention is appropriate: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise federal claims. <u>Richmond Rail Co. v. Forst</u>, 4 F.3d 244, 251 (4th Cir.1993).

Here, Plaintiff asserts that there is an ongoing state judicial proceeding. There is an important state interest in adjudicating foreclosure matters pertaining to real property located within a state. <u>See</u> <u>Shaffer v. Heitner</u>, 433 U.S. 186, 207–208 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[ ] and in providing a procedure for peaceful

resolution of disputes about the possession of that property")(footnote omitted); see also Sergeon v. Home Loan Ctr., Inc., No. 3:09–CV–01113–J–32JBT, 2010 WL 5662930 (collecting cases applying Younger abstention in light of a pending state foreclosure proceeding); Borkowski v. Fremont Inv. & Loan of Anaheim, Cal., 368 F.Supp.2d 822, 828 (N.D.Ohio 2005) (applying Younger abstention in the context of a pending state foreclosure proceeding); Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F.Supp.2d 1245, 1262 (D.Haw. 2003) (finding that foreclosure and ejectment proceedings were important state interests under Younger).[8] Finally, Plaintiff has an adequate opportunity to raise her federal (TILA) claims in the state court proceedings.

    3.    <u>Failure to State a Claim Upon Which Relief May be Granted</u>

        Defendants contend that Plaintiff fails to state claims upon which relief may be granted and that Plaintiff's claims fail as a matter of law. Plaintiff appears to assert that she has alleged sufficient facts such that her claims should survive the motions to dismiss.

        a.    <u>TILA</u>

        Defendants contend that Plaintiff fails to state a sufficient claim for violations of TILA because the alleged non-disclosures were non-material, limiting Plaintiff's right to rescind to three days. They also argue that even if the non-disclosures were material, Plaintiff failed to file this action within the three-year period. Plaintiff appears to argue that the non-disclosures were

---

    [8]In her memorandum in opposition to summary judgment, Plaintiff claims that Defendants violated S.C. Code Ann § 37-10-102 (providing that a lender must ascertain prior to closing the preferred attorney to represent the debtor in matters related to the closing) and § 37-10-105 (providing the penalties for the failure to obtain the attorney preference). These claims are not properly before the Court as they were not alleged in the Complaint and Plaintiff has not amended her Complaint to add such claims. Further, these statutes do not permit rescission of the Note and Mortgage for its violation. See S.C. Code Ann. § 37-10-105(A).

material and she timely filed her TILA claim because she filed her counterclaim in the state court action within three years of the closing.

The right to rescind a loan under TILA for failure to disclose extends up to three days after consummation of the loan, unless the items left undisclosed are material. <u>See</u> 12 C.F.R. § 226.23(a)(3); 15 U.S.C. §§ 1631, 1632, 1635, 1638. If the non-disclosures are material, the borrower's right to rescind a transaction pursuant to TILA expires after three years. <u>See</u> 12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1635(f)("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, which occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter have not been delivered to the obligor...."). The required material disclosures include, among other things, the annual percentage rate, the amount financed, the method of determining the finance charge, and the amount of the finance charge. <u>See</u> 12 C.F.R. § 226.23(a)(3) n. 48; 15 U.S.C. § 1601(a), § 1635(f), § 1639(a).

Plaintiff has not alleged any material non-disclosures which would trigger the longer (three-year) statute of limitations period. Although Plaintiff claims that she did not receive certain required documents within three days of her loan application,[9] she admits (<u>see</u>, <u>e.g.</u>, Doc. 76 at 8) that she received the required disclosures on the date of her closing. She attached copies of disclosures signed by her on the date of closing (October 6, 2004) including a Good Faith Estimate, Truth-In-Lending Disclosure Statement, and Attorney Preference form. <u>See</u> Attachments to Doc. 7. The judge in the state court case specifically found that Plaintiff was provided the required information and

---

[9]There are signed disclosures dated August 11, 2004 included in the record. Plaintiff claims that her signatures on these documents are forgeries. <u>See</u> Attachments to Doc. 7 and Doc. 1 (Complaint). She has not, however, disputed that she signed disclosures on the date of her closing.

rescission forms.  Plaintiff has not alleged an attempt to rescind within three days of the closing

(October 6, 2004), such that her right to rescission is time barred.

Defendants contend that even if the non-disclosures are material, Plaintiff failed to file her

rescission action in this Court within three years of the closing date, such that her rescission action

is time barred.  Plaintiff appears to claim that she timely filed because she filed the counterclaim in

her state court action within three years of the closing of her loan.

The Fourth Circuit, in the recent decision of <u>Gilbert v. Residential Funding, LLC</u>, 678 F.3d

271, 275–77 (4th Cir. 2012), held that the borrowers' letter to their lender within three years of the

transaction, rather than the filing of any suit, is all that is required for notice of rescission under

TILA.  Here, in the light most favorable to Plaintiff for purposes of the motions to dismiss, Plaintiff

exercised her right to rescind when she notified Ocwen that she was exercising her right to rescind

in June 2005.  As noted by the Fourth Circuit:

> To complete the rescission and void the contract, however, more is required.  Either
> the creditor much "acknowledge[] that the right of rescission is available" and the
> parties must unwind the transaction amongst themselves, or the borrower must file
> a lawsuit so that the court may enforce the right to rescind.

<u>Gilbert v. Residential Funding, LLC</u>, 678 F.3d at 277 (quoting <u>American Mortg. Network, Inc. v.</u>

<u>Shelton,</u> 486 F.3d 815, 821 (4th Cir. 2007)).[10]

Thus, in the light most favorable to Plaintiff, she exercised her right to rescind within the

three-year period.  She, however, failed to timely file this action alleging a TILA violation.  There

is a one-year statute of limitations for filing a suit once a violation of TILA has occurred.  15 U.S.C.

---

[10]"[U]nilateral notification of cancellation does not automatically void the loan contract."
<u>Shelton,</u> 486 F.3d at 821.  "[O]therwise a borrower could get out from under a secured loan simply
by claiming TILA violations, whether or not the lender had actually committed any."  <u>Id.</u> (Quoting
<u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1172 (9th Cir. 2003))(internal quotation marks omitted).

§ 1640(e).  Whether the alleged TILA violation occurred at closing (October 6, 2004), when Plaintiff mailed the notice of recision (June 14, 2005), or when Plaintiff claims she first received a reply to her notice of recision (October 19, 2005), she filed this action well over one year later.

      b.    <u>Emotional Distress</u>

Plaintiff alleges that she is entitled to damages for severe emotional distress and mental anguish due to an unspecified Defendant's alleged refusal to acknowledge her rescission notice.  Defendants contend that Plaintiff fails to allege facts that would establish that Defendants' conduct was outrageous.  They also contend that Plaintiff fails to state a claim for negligent infliction of emotional distress.  In her reply, Plaintiff appears to assert that she has stated a claim for intentional infliction of emotional distress because she had to take medications for stress and anxiety as a result of being evicted, property was destroyed or missing as a result of the eviction, and her house and property have sentimental value.

South Carolina expressly recognized the cause of action of intentional infliction of emotional distress, sometimes referred to as "outrage," in <u>Ford v. Hutson</u>, 276 S.E.2d 776 (S.C. 1981).  To recover under the tort of outrage, a plaintiff must establish the following elements:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct;
> (2) the conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community";
> (3) the actions of the defendant caused the plaintiff's emotional distress; and
> (4) the emotional distressed suffered by the plaintiff was "severe" so that "no reasonable man could be expected to endure it."

<u>Id.</u>, at 778 (quoting <u>Vicnire v. Ford Motor Credit Co.</u>, 401 A.2d 148 (Me. 1979))(internal citations omitted); <u>see also</u> <u>Wright v. Sparrow</u>, 381 S.E.2d 503, 505 (S.C. Ct. App. 1989).  In considering the

defendant's motion for summary judgment, the court must initially determine whether the conduct complained of "'may reasonably be regarded as so extreme and outrageous as to permit recovery, and only where reasonable persons may differ is the question one for the jury.'" Holtzscheiter v. Thomson Newspapers, Inc., 411 S.E.2d 664, 666 (S.C. 1991), overruled on other grounds, 506 S.E.2d 497 (S.C.1998)(quoting Todd v. South Carolina Farm Bureau Mut. Ins. Co., 321 S.E.2d 602, 609 (S.C. Ct. App. 1984), quashed on other grounds, 336 S.E.2d 472 (S.C. 1985)); see also Barber v. Whirlpool Corp., 34 F.3d 1268, 1276 (4th Cir. 1994) ("It is the court's responsibility to first determine as a matter of law whether or not the conduct was outrageous before submitting that question to the jury."). Here, Plaintiff has not asserted facts that would establish that Defendants' conduct was sufficiently outrageous or intolerable so as to support a reasonable finding of outrage or intentional infliction of emotional distress. Further, Plaintiff has not asserted facts that the alleged conduct was so severe that no person could be expected to endure it.

Plaintiff also fails to establish a claim for negligent infliction of emotional distress. South Carolina law generally requires proof of physical injury for the recovery of mental anguish and emotional distress. See Phillips v. United States, 575 F.Supp. 1309, 1317 (D.S.C.1983)("'[E]motional distress is a proper element of tort damage as long as such distress encompasses some physical manifestation.'" (quoting Robertsen v. State Farm Mut. Auto. Ins. Co., 464 F.Supp. 876, 883 n. 9 (D.S.C.1979)). Here, Plaintiff has not shown any physical injury as a result of Defendants' alleged conduct. South Carolina courts have allowed claims for negligent infliction of emotion distress which are limited to claims of bystander liability. Doe v. Greenville County School Dist., 651 S.E.2d 305, 307 (S.C. 2007). To establish a claim for negligent infliction of emotional distress a plaintiff must establish: defendant's negligence caused death or serious injury

to another, plaintiff was a bystander in close proximity to the accident, plaintiff and the victim were closely related, plaintiff witnessed the incident and plaintiff must exhibit physical manifestations of emotional distress that can be established by expert testimony. <u>Kinard v. Augusta Sash & Door Co.</u>, 336 S.E.2d 465, 467 (S.C.1985). Here, Plaintiff has not sufficiently alleged a claim for bystander liability.

    c.    <u>Deceptive and Unfair Practices</u>

Plaintiff claims that she has a right to recover for deceptive and unfair practices. Defendants contend that Plaintiff fails to identify any specific cause of action or legal grounds on which she could recover. They argue that to the extent that Plaintiff is attempting to make an allegation under the South Carolina Unfair Trade Practices Act ("SCUPTA"), §§ 39-5-10, <u>et</u> <u>seq.</u>, Plaintiff has not alleged or asserted any facts showing that Defendants' action adversely affected a public interest. In reply, Plaintiff claims she has stated a claim based on the definition of an unfair practice by the FDIC (but does not specify the legal grounds on which she can recover).

The SCUTPA broadly prohibits any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C.Code Ann. § 39-5-20. In order to bring an action under the SCUTPA, the plaintiff must demonstrate that (1) the defendant engaged in an unlawful trade practice, (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest. <u>See</u> S.C. Code Ann. § 39-5-140; <u>Havird Oil Co. v. Marathon Oil Co., Inc.</u>, 149 F.3d 283, 291 (4th Cir. 1998); <u>Daisy Outdoor Advertising Co., Inc. v. Abbott</u>, 473 S.E.2d 47, 49 (S.C. 1996).

Here, Plaintiff fails to state a claim under the SCUTPA because she has not alleged that a public interest is affected. The SCUTPA is not available to redress a private wrong where the public interest is unaffected. Noack Enterprises v. Country Corner Interiors, 351 S.E.2d 347 (S.C. 1986). Conduct which only affects the parties to the transaction provides no basis for a SCUTPA claim. See Key Co. v. Fameco Distribs., Inc., 357 S.E.2d 476 (S.C.Ct.App.1987).

    d.    <u>Gross Negligence</u>

Plaintiff appears to allege that Defendants were grossly negligent in failing to provide documents required by TILA, exercising good faith in its dealings, and failing to disclose truthful and accurate information. Defendants contend that Plaintiff fails to establish a claim for gross negligence because her action is predicated on an alleged breach of contract.

Gross negligence is defined as "the failure to exercise slight care," or the "intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." <u>Steinke v. South Carolina Dep't of Labor, Licensing and Regulation</u>, 520 S.E.2d 142, 153 (S.C. 1999). Under South Carolina law, "if the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie." <u>Enhance-It, L.L.C. v. American Access Techns., Inc.</u>, 413 F. Supp. 2d 626, 631 (D.S.C. 2006)(citing <u>Meddin v. Southern Ry.-Carolina Div.</u>, 62 S.E.2d 109, 112 (S.C. 1995)). Here, Plaintiff's negligence claim appears to arise from the mortgage contract such that she cannot establish a claim for gross negligence.

Further, Plaintiff fails to show a duty of care owed to her by Defendants. In South Carolina, a bank does not owe a customers a "special duty of care" based purely on his or her status as a customer. <u>Regions Bank v. Schmauch</u>, 582 S.E.2d 432, 444 (S.C. Ct. App. 2003). Plaintiff has not

shown any duty owed her by Defendants other than to follow the applicable laws. As noted above, Plaintiff admits and the judge in the state court action found that the required disclosures were made at the closing.

        e.    <u>Fraud/Fraudulent Transfer</u>

        Plaintiff appears to allege that Defendants made false representation in connection with the loan process and closing and they fraudulently foreclosed on the Property. Defendants contend that Plaintiff failed to plead fraud or fraudulent transfer with the specificity required.

        Federal Rule 9 requires that a complainant plead fraud[11] with particularity. Fed. R. Civ. P. 9(b); <u>Pearlstine Distribs., Inc. v. Freixenet USA, Inc.</u>, 678 F. Supp. 133, 136 (D.S.C. 1988). Under Rule 9, particularity of pleading is required "with regard to the time, place, speaker, and contents, as well as the manner in which statements are false and the specific acts raising an inference of fraud – the 'who, what, where, why, and when.'" <u>In re First Union Corp. Sec. Litig.</u>, 128 F.Supp. 2d 871, 884 (W.D.N.C. 2001); <u>see also</u> <u>Lemacks v. Consolidated Freightways Corp.</u>, No. Civ.A.

---

[11]To prove fraud under South Carolina Law, a plaintiff must prove the following elements by clear, cogent, and convincing evidence:
        (1) a representation;
        (2) its falsity;
        (3) its materiality;
        (4) either the speaker's knowledge of its falsity or a reckless disregard
        of its truth or falsity;
        (5) the speaker's intent that the representation be acted upon;
        (6) the hearer's ignorance of its falsity;
        (7) the hearer's reliance on its truth;
        (8) the hearer's right to rely thereon;  and
        (9) the hearer's consequent and proximate injury.
<u>Cheney Bros., Inc. v. Batesville Casket Co., Inc.</u>, 47 F.3d 111, 114 (4th Cir. 1995);  <u>King v. Oxford</u>, 318 S.E.2d 125 (S.C. App. 1984).  Failure to prove any element is fatal to the plaintiff's claim.  <u>M.B. Kahn Constr. Co. v. South Carolina Nat'l Bank of Charleston</u>, 271 S.E.2d 414, 415 (S.C. 1980).

1:95–2117–6, 1997 WL 998323, * 3 (D.S.C. July 16, 1997)(holding that "averments of fraud must state the precise time and place of the fraud and the acts alleged to be fraudulent...substantiated with particulars"). Plaintiffs "are forbidden from 'grouping defendants together without specifying which defendant committed which wrong'" and are required instead to "set forth with particularity each defendant's culpable conduct." First Union, 128 F.Supp. 2d at 884.

Review of the Complaint reveals that Plaintiff failed to allege fraud with particularity. She has not alleged with specificity what representations were false, how these alleged misrepresentations induced her to enter the mortgage transaction, why her reliance on the misrepresentations were reasonable, or how these misrepresentations caused her damage.[12]

## **MOTION FOR SANCTIONS**

On March 7, 2012, Defendant LaSalle filed a motion for sanctions pursuant to Fed. R. Civ. P. 11. This Defendant asks for dismissal of this action with prejudice, a pre-filing injunction banning Plaintiff from filing further action in federal court, and reasonable attorneys' fees incurred in defending Plaintiff's frivolous lawsuits. LaSalle contends that Plaintiff has a long history of abusing the state and federal judicial systems with her meritless and vexatious filings, that the current lawsuit is Plaintiff's ninth attempt at preventing or otherwise disputing the lawful foreclosure sale of the Property; Plaintiff has filed a total of seven bankruptcy actions in the United States Bankruptcy Court District of South Carolina admittedly as an attempt to save the Property and based on multiple improper filings, the United State Bankruptcy Court banned Plaintiff from filing any further actions

---

[12]To the extent Plaintiff requests declaratory relief in this action, such relief should be denied as Plaintiff fails to state a claim upon which relief can be granted.

for a period of one year; Plaintiff has filed additional state court actions as to other pieces of property; and Plaintiff includes baseless allegations in her current litigation including requesting criminal penalties against Defendant LaSalle. Plaintiff appears to argue that LaSalle's motion should be denied because she believed she had to file an action in Federal Court to address perceived unethical actions in state court and to assert her federal claims, she does not believe her claims are frivolous because she believes Defendants violated TILA, and she did not file this action to harass Defendants.

Although LaSalle details allegedly frivolous actions in other courts, it is unclear that any of her previous filings in this Court were frivolous[13] or that this <u>pro se</u> litigant has been warned of the consequences of filing such actions in this Court. It is, therefore, recommended that Defendant LaSalle's motion for sanctions be denied without prejudice. Plaintiff, however, is warned that filing future frivolous actions may result in appropriate sanctions against Plaintiff including any sanctions available under Fed. R. Civ. P. 11.

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's motions for entry of default (Docs. 20, 27, and 28) be **denied**; Defendant LaSalle's motion to dismiss (Doc. 21) be **granted**; and

---

[13]Plaintiff filed one previous action in this court which was dismissed for lack of subject matter jurisdiction after the parties stipulated that the amount in controversy did not exceed the jurisdictional amount (Civil Action Nos. 3:96-cv-02840-MJP), another action was removed to this court by the defendant and later remanded to the state court (3:97-cv-01287-DWS), and she was named as a defendant in a foreclosure action (as the personal representative to the estate of Maxie Lee Thomas) instituted by the United States (3:05-cv-03322-JRM). <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.).

Defendant Ocwen's motion to dismiss (motion for judgment on the pleadings)(Doc. 61) be **granted.**

It is also recommended that Defendant LaSalle's motion for sanctions (Doc. 51) be **denied** without prejudice.

Joseph R. McCrorey
United States Magistrate Judge

August 9, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).