IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laura Toney, ) | C.A. No. 3:11-1686-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| LaSalle Bank National Association, ) | |
| Trustee for Lehman Brothers Structured ) | |
| Asset Investment Loan Trust Sail 2005, ) | |
| Ocwen Federal Bank, a/k/a AltiSource ) | |
| Homes, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Laura Toney ("Plaintiff") filed this action pro se against Defendants, LaSalle Bank National Association, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005 ("LaSalle"), and Ocwen Federal Bank a/k/a AltiSource Homes ("Ocwen") (collectively "Defendants"), alleging claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, arising out of a foreclosure action instituted against her by Defendants. (ECF No. 1.)  Plaintiff also seeks a declaratory judgment and asserts state law claims for intentional infliction of emotional distress, deceptive and unfair trade practices, gross negligence, fraud, and fraudulent transfer. (Id.)  This matter is before the court on Plaintiff's motions for entry of default against Defendants pursuant to Fed. R. Civ. P. 55(a); LaSalle's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), 8, and 9(b); Ocwen's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6); and LaSalle's motion for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11. (ECF Nos. 20, 21, 27, 28, 51, 61.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On August

9, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court deny Plaintiff's motions for entry of default, grant LaSalle's motion to dismiss, grant Ocwen's motion to dismiss, and deny LaSalle's motion for sanctions without prejudice. (ECF No. 79.)  Plaintiff filed objections to the Report and Recommendation on August 22, 2012 and August 27, 2012, asking the court to reject the Magistrate Judge's recommendation.  (ECF Nos. 81, 84.)  For the reasons set forth below, the court adopts the Report and Recommendation of the Magistrate Judge, **GRANTS** the motions to dismiss of LaSalle and Ocwen, and **DENIES** LaSalle's motion for sanctions without prejudice and Plaintiff's motions for entry of default against LaSalle and Ocwen.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts in the complaint as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation.  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate.  The court adopts this summary as its own, and will only reference facts pertinent to the analysis of Plaintiff's claims.

On October 6, 2004, Plaintiff refinanced her house located at 729 Chatman Street in Bishopville, South Carolina ("the Property").  (ECF No. 1-1, pp. 38, 43.)  During the closing, Plaintiff entered into and received a mortgage which was secured by the Property.  (Id.)  On June 14, 2005, Plaintiff sent a letter to Ocwen stating her intention to rescind the loan due to the alleged occurrence of federal disclosure violations during the processing of the loan.  (ECF No. 1-1, p. 1.)  Plaintiff alleged that she was not provided any of the mandatory disclosures required by TILA prior to the closing.  (Id.; see also ECF No. 1, p. 3.)

On or about July 21, 2005,  LaSalle, which had been assigned the mortgage by Ocwen, filed a lis pendens and complaint against Plaintiff, captioned Lasalle Bank v. Laura Toney, Case

No. 2005-CP-31-169, in the Court of Common Pleas of Lee County, South Carolina (the "Lee County Court"), seeking foreclosure of Plaintiff's mortgage and sale of the Property. (ECF No. 1-1, pp. 3-11.) On October 19, 2005, Plaintiff alleges that LaSalle finally responded to her notice of rescission letter. (ECF No. 1, p. 5.) Thereafter, LaSalle filed a motion for summary judgment on March 29, 2006. (ECF No. 1-1, p. 34.)

On February 16, 2007, the Lee County Court held a foreclosure hearing in the absence of Plaintiff or her attorney.[1] (ECF No. 1-1, p. 35.) On March 15, 2007, the Lee County Court entered an order finding that LaSalle "should have judgment of foreclosure of the mortgage and the mortgaged property should be ordered sold at public auction after due advertisement" and, as a result, granted summary judgment in favor of LaSalle in the foreclosure action. (Id. at p. 40.) In support of the order granting summary judgment to LaSalle, the Lee County Court made the following findings of fact:

> The Defendant Laura Toney alleges that she rescinded the loan by letter dated June 12, 2005. Pursuant to Title 15 Section 1635 of the U.S. Code, the obligor in a real estate secured consumer credit transaction shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms. The loan closing occurred on October 6, 2004, at which time the Defendant was provided the information and rescission forms. (Affidavit of Michael May filed March 29, 2006; Affidavit of Letia Benjamin). The information and rescission forms are signed by the Defendant Laura Toney to acknowledge that she was provided a copy of each at closing. Therefore, the Defendant's counterclaim that she rescinded the loan is without merit on its face since it is well outside the time to rescind permitted by law.

(ECF No. 1-1, pp. 37-38.)

On March 22, 2007, Plaintiff filed an application for a temporary restraining order, preliminary injunction, and permanent injunction in the Lee County Court. (ECF No. 52-2, pp.

---

[1]. Plaintiff alleges that her attorney at the time, Mr. David Weeks, was a member of the South Carolina General Assembly and could not be present because the General Assembly was in session. Plaintiff alleges that a request to reschedule the hearing was submitted on behalf of Mr. Weeks, but that the hearing was held as previously scheduled. (See ECF No. 52-2, pp. 1-2.)

3

8-13, 16-17.)  On April 25, 2007, Plaintiff filed a motion for reconsideration of the foreclosure decision.  (ECF No. 52-2, pp. 5-7.)  On April 27, 2007, a notice of eviction was filed against Plaintiff and she was evicted from the Property shortly thereafter.  (ECF No. 1-1, p. 49.)  On May 7, 2007, the Property was sold at an auction to LaSalle.  (Id. at pp. 45-47.)  After the sale of the Property and the denial of her motions, Plaintiff filed an appeal with the South Carolina Court of Appeals.  Plaintiff states that her foreclosure case is currently pending with the South Carolina Supreme Court.  (ECF No. 76, p. 3; see also ECF No. 51-2, pp. 1-2.)

On July 13, 2011, Plaintiff filed in this court a "Complaint to Set Aside Fraudulent Transfer, and Fraud; Declaratory Judgment for Entry of Default[,] Gross Negligence[,] Emotional Distress[,] Deceptive and Unfair Trade Practices."  (ECF No. 1.)  Plaintiff alleges that she did not receive certain federal disclosures required by TILA at the time of her mortgage closing, including "choice of attorney notification, settlement statement, and good faith estimate."  (Id. at p. 3.)  Plaintiff alleges that Defendants' failure to make proper disclosures and failure to respond to her notice of rescission within twenty days resulted in Defendants losing their interest in the property.  (Id. at p. 5.)  Further, Plaintiff alleges that Defendants' failure to respond to her notice of rescission within twenty days had the effect of reinstating Plaintiff's interest in the property and relieving her obligations under the original loan.  (Id. at pp. 5-8.)  On July 13, 2011, Plaintiff filed a motion for a temporary injunction to enjoin Defendants from denying Plaintiff possession of the Property.  (ECF No. 3.)

On October 7, 2011, LaSalle filed a motion to extend its time to file an answer until October 21, 2011, which motion was granted by the court on October 11, 2011.  (ECF Nos. 16, 18.)  On October 19, 2011, Plaintiff moved for entry of default against Ocwen.  (ECF No. 20.)  On October 21, 2011, LaSalle filed a motion to dismiss Plaintiff's complaint.  (ECF No. 21.)

**4**

Plaintiff filed a second motion for entry of default against Ocwen on October 25, 2011. (ECF No. 27.) Additionally, on October 25, 2011, Plaintiff moved for entry of default against LaSalle. (ECF No. 28.) Plaintiff filed opposition to LaSalle's motion to dismiss on October 25, 2011, October 28, 2011, and November 2, 2011. (ECF Nos. 29, 30, 32.) On November 1, 2011, LaSalle filed opposition to Plaintiff's motion for entry of default. (ECF No. 31.) On December 28, 2011, Ocwen filed its answer to the complaint. (ECF No. 37.)

On February 27, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended denying Plaintiff's motion for temporary injunction, which recommendation was adopted by the court on March 22, 2012. (ECF Nos. 46, 57.) On March 7, 2012, LaSalle filed a motion for sanctions against Plaintiff, to which Plaintiff filed opposition on March 15, 2012. (ECF Nos. 51, 53.) On April 2, 2012, Plaintiff appealed the court's March 22, 2012 Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 62.) On April 6, 2012, Ocwen filed opposition to Plaintiff's motions for entry of default and a motion to dismiss the complaint.[2] (ECF Nos. 60, 61.) Plaintiff filed opposition to Ocwen's motion to dismiss on May 14, 2012. (ECF No. 76.)

Recently, on August 24, 2012, the Fourth Circuit affirmed the court's March 22, 2012 decision and issued the formal mandate of the court of appeals on September 17, 2012. (ECF Nos. 83, 89.)

## II.     LEGAL STANDARD AND ANALYSIS

**A.     Legal Standard**

1.     Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation

---

[2] Ocwen did not file its motion to dismiss until after it filed its answer. The court agrees with the Magistrate Judge's analysis that Ocwen's motion to dismiss should be construed as a motion for judgment on the pleadings. (See ECF No. 79, p. 10.)

has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

    2.       Motions pursuant to Fed. R. Civ. P. 11

A pro se pleading is not subjected to the same scrutiny as one drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even pro se litigants, however, must follow the procedural rules of the court. Cox v. Deal, C/A No. 2:09-02715–DCN–BM, 2011 WL 3418397, at * 2 (D.S.C. Aug. 3, 2011). Rule 11 governs both attorneys and pro se litigants. Fed. R. Civ. P. 11.

Fed. R. Civ. P. 11(a) requires every pleading, written motion, or other paper to be signed by either the party's attorney, if represented, or the party itself, if the party proceeds without representation. See Fed. R. Civ. P. 11(a). By signing a filing, a party represents to the court and certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing is not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new

law." Fed. R. Civ. P. 11(b) (emphasis added).  Rule 11(b)(3) requires that filings have a proper factual basis for each claim.  See Fed. R. Civ. P. 11(b)(3).

Reasonableness of a filing party's actions under Fed. R. Civ. P. 11 involves an objective inquiry into the prefiling investigation.  See In re Kunstler, 914 F.2d 505, 514 (4th Cir. 1990). Legal allegations fail the requirements of Fed. R. Civ. P. 11(b)(2) when there is "absolutely no chance of success under the existing precedent."  Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002).  In order to warrant sanctions, the legal position must be completely untenable, rather than merely unsuccessful.  Id. at 151.  The issue is whether a reasonable person under the same circumstances would have believed his or her actions to be legally justified.  Id. at 153.

3.     Motions pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ––– U.S. –––, –––, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must treat factual allegations of the nonmoving party as true. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

Res judicata is an affirmative defense and is treated as a basis for dismissal under Fed. R.

Civ. P. 12(b)(6).  See Davani v. Va. Dept. of Transp., 434 F.3d 712, 720 (4th Cir. 2006) (res judicata or claim preclusion challenge is to be considered pursuant to Rule 12(b)(6)); Andrews v. Daw, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint . . . .").  "Res judicata is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgement, whether by increasing or decreasing the award or by reversing the result."  Heckert v. Dotson, 272 F.3d 253, at 258 (4th Cir. 2001).  "'For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits.'"  Martin v. Am. Bancorp. Ret. Plan, 407 F.3d 643, 650 (4th Cir. 2005) (quoting Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir. 2004)).  Further, res judicata not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"  Peugeot Motors v. E. Auto Distrib., 892 F.2d 355, 359 (4th Cir. 1989) (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)); see also Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991).

      4.      Motions pursuant to Fed. R. Civ. P. 55(a)

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  However, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits.  Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)

**B.     Analysis**

1.     Plaintiff's Motions for Entry of Default

Plaintiff moves for entry of default against Defendants pursuant to Fed. R. Civ. P. 55(a). (See ECF Nos. 20, 27, 28.)

Upon his review, the Magistrate Judge recommended denying Plaintiff's motion for entry of default against LaSalle. Specifically, the Magistrate Judge found that LaSalle was served on September 19, 2011, and its answer would have been due on October 11, 2011[3], except that LaSalle received an extension from the court to file its answer on or before October 21, 2011. (ECF No. 79, p. 5 (citing ECF Nos. 17, 18).) The Magistrate Judge further found that the Fed. R. Civ. P. 12 motion to dismiss that LaSalle filed on October 21, 2011 was timely, and therefore Plaintiff's motion for entry of default against LaSalle is without merit. (Id. (citing ECF No. 21))

The Magistrate Judge also recommended denying Plaintiff's motion for default against Ocwen because Plaintiff has not shown that Ocwen was properly served or that the correct entity was named in the complaint. (Id. at p. 6.) In making this recommendation, the Magistrate Judge found convincing Ocwen's arguments that "its answer was filed prior to entry of default; Ocwen Loan Servicing, the proper party to this suit, is a wholly different entity from 'Ocwen Federal Bank,' and thus alleged service on 'Ocwen Federal Bank' did not constitute service on Ocwen Loan Servicing; even if Plaintiff had named an existing entity called 'Ocwen Federal Bank,' service of process was not properly effected pursuant to applicable law; entry of judgment by default is a drastic remedy which should be used only in extreme situations; and entry of default judgment against the non-existent 'Ocwen Federal Bank' should not be granted because it is a nullity." (Id.)

---

[3]. The Magistrate Judge observed that October 10, 2011 was a federal holiday, Columbus Day. (ECF No. 79, p. 5.)

In her objections to the Magistrate Judge's recommendation, Plaintiff implies that the Magistrate Judge findings are wrong because Ocwen (1) was served by mail on September 12, 2011 (with a certified return receipt showing service on September 15, 2011), (2) failed to answer the complaint within twenty-one days as required by the federal rules, (3) failed to request an extension of time prior to the expiration of the answer deadline, and (4) filed an untimely answer eighty-five days after service. (ECF No. 84, pp. 4, 6-7, 19, 24.) Plaintiff further implies that the Magistrate Judge erred by not having awareness of Defendants' failure to file motions to set aside the default. (Id. at p. 7.)

In accordance with the preference that "defaults be avoided and that claims and defenses be disposed of on their merits," the court agrees with the Magistrate Judge that entry of default should not be made against either Ocwen or LaSalle. The timely filing of a Fed. R. Civ. P. 12 motion to dismiss by LaSalle and the failure of Ocwen to be properly served are appropriate reasons within the court's discretion to not enter default. U.S. ex rel. Knight v. Reliant Hospice, Inc., C/A No. 3:08–03724–CMC–JRM, 2011 WL 6130539, at *1 (D.S.C. Nov. 8, 2011) (In deciding whether to direct that entry of default be made as to a party, a district court must exercise "sound discretion."). Accordingly, the court denies Plaintiff's motion for entry of default against Defendants.

2. LaSalle's Motion for Sanctions

LaSalle moves pursuant to Fed. R. Civ. P. 11 for dismissal of Plaintiff's action with prejudice, a pre-filing injunction banning Plaintiff from filing further actions in federal court, and reasonable attorneys' fees incurred in defending against Plaintiff's frivolous lawsuits. (ECF No. 51, p. 1.) LaSalle contends that (1) Plaintiff has a long history of abusing the state and federal judicial systems with her meritless and vexatious filings, (2) the current lawsuit is

Plaintiff's ninth attempt at preventing or otherwise disputing the lawful foreclosure sale of the Property, (3) Plaintiff has filed a total of seven bankruptcy actions in the United States Bankruptcy Court for the District of South Carolina admittedly as an attempt to save her property, (4) the United States Bankruptcy Court for the District of South Carolina banned Plaintiff from filing any further actions for a period of one year, (5) Plaintiff has filed additional state court actions as to other pieces of property, and (6) Plaintiff includes baseless allegations in her current litigation, including requesting criminal penalties against LaSalle. (Id. at pp. 2-10.)

Upon his review, the Magistrate Judge recommended denying LaSalle's motion for sanctions without prejudice. (ECF No. 79, p. 24.) The Magistrate Judge concluded that, notwithstanding LaSalle's details of allegedly frivolous actions filed by Plaintiff in other courts, a finding of frivolousness could not be made regarding any of Plaintiff's previous filings in this court and Plaintiff lacked receipt of a warning regarding the consequences of filing frivolous actions in this court. (Id.) In this regard, the Magistrate Judge did advocate warning Plaintiff that filing future frivolous actions may result in appropriate sanctions against Plaintiff including any sanctions available under Fed. R. Civ. P. 11. (Id.)

LaSalle did not file objections to the Magistrate Judge's recommendation that its motion for sanctions be denied. In the absence of specific objections to the report of the Magistrate Judge, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983). Accordingly, the court agrees with the Magistrate Judge that LaSalle's motion for sanctions should be denied.

3.     Defendants' Motions to Dismiss

LaSalle moves to dismiss Plaintiff's complaint asserting that (1) Plaintiff's claims are barred by res judicata; (2) the complaint fails to state a claim upon which relief can be granted;

(3) the complaint fails to state a plausible cause of action; and (4) the Complaint fails to plead fraud with the required specificity. (ECF No. 21-1.) Ocwen contends that it is entitled to dismissal because (1) the complaint fails to meet the minimum federal pleading standard; (2) Plaintiff's claims are barred by res judicata; (3) Plaintiff failed to rescind the note within three days of her closing date such that her right to rescind is time barred; (4) Plaintiff failed to file a rescission action within three years of the closing date such that her rescission action is time barred; (5) Plaintiff is not entitled to recover for emotional distress; (6) Plaintiff fails to state a claim for deceptive and unfair practices; (7) Plaintiff fails to state a claim for gross negligence; (8) Plaintiff fails to plead fraud or fraudulent transfer with the specificity required, and (9) Plaintiff fails to state a valid claim for declaratory judgment. (ECF No. 61-1.)

      a.    *Res Judicata*

Defendants contend that this action is barred by the doctrine of res judicata. (ECF Nos. 21-1, pp. 5-7; 61-1, pp. 7-9.) Plaintiff argues that this action is not barred because her action in state court is on appeal such that there is no final judgment and res judicata does not apply. (ECF No. 76, p. 3.)

Upon his review, the Magistrate Judge concluded that res judicata bars this action as all three elements of the test for res judicata have been met. (ECF No. 79, p. 12.) The Magistrate Judge specified that to establish res judicata, a defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. (Id. (citing Riedman Corp. v. Greenville Steel Structures, Inc., 419 S.E.2d 217, 218 (S.C. 1992)) In this regard, the Magistrate Judge found that Plaintiff did not dispute that the first two elements were met. (Id.) Further, the third element was met because the judge in the state court action granted the motion for summary judgment, which satisfies the

requirement of an adjudication on the merits of the case, and the South Carolina Court of Appeals affirmed the state court's decision.  (Id. at p. 13.)  Alternatively, the Magistrate Judge recommended dismissing the action against Defendants because the court should not interfere with the ongoing state proceedings.  (Id. at p. 14 (citing Bellotti v. Baird, 428 U.S. 132, 143 n. 10 (1976) (recognizing that abstention may be raised sua sponte)).)  Based on the foregoing, the Magistrate Judge recommended granting Defendants' motions to dismiss the complaint.

In her objections to the Magistrate Judge's recommendation, Plaintiff asserts that res judicata does not apply to this matter because her state court case is still pending without a final determination having been made.  (ECF No. 84, p. 15.)  Plaintiff argues that this case clearly does not satisfy all the elements to establish res judicata "because the judgment is not final" and she has not been "given full and fair opportunity to be heard on the issue."  (Id. at p. 16.)

The court agrees with the Magistrate Judge that the three elements of res judicata are clearly present.  First, a final judgment has been entered on the merits against Plaintiff in at least two prior civil actions, Lasalle Bank v. Laura Toney, Case No. 2005-CP-31-169 and Laura A. Toney v. Ocwen Federal Bank, Case No. 2010-CP-31-180.  (See ECF Nos. 1-1, pp. 34-43; 51-3, pp. 1-6.)  See also Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of res judicata).  Second, the allegations contained in the instant complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in Case No. 2005-CP-31-169 and Case No. 2010-CP-31-180, i.e., Defendants' entitlement to foreclosure of the Property versus Plaintiff's attempt to prevent the foreclosure of the Property.  (Id.)  Finally, the parties in this matter are the same entities as the ones in the prior foreclosure matters.  (Id.)  Based on the foregoing, Plaintiff is not entitled to maintain her action in this court because her issues have been raised and litigated in

prior actions. Accordingly, Defendants are entitled to dismissal of the complaint against them based on res judicata.

> b.      *Defendants' Other Arguments in support of Dismissal*

As this court finds that the instant action is barred by res judicata, it is unnecessary to address Defendants' remaining arguments in support of dismissal.

### III.    CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** the motions to dismiss Plaintiff's complaint of LaSalle and Ocwen. (ECF Nos. 21, 61.) The court further **DENIES** LaSalle's motion for sanctions without prejudice and Plaintiff's motions for entry of default. (ECF Nos. 20, 27, 28, 51.) The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

/s/Margaret B.Seymour
Margaret B. Seymour
Chief United States District Judge

September 25, 2012
Columbia, South Carolina